UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEATHERFORD, | : | Case No. 1:09-cv-432 |
| Plaintiff, | : | |
| | : | Spiegel, J. |
| vs. | : | Black, M.J. |
| | : | |
| HAMILTON COUNTY SHERIFF, | : | |
| *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT
DEFENDANT NAPHCARE'S MOTION TO DISMISS (Doc. 17)
BE GRANTED IN PART AND DENIED IN PART**

Plaintiff is an inmate who brings this action pursuant to 42 U.S.C. § 1983. This

case is now before the Court on Defendant NaphCare's motion to dismiss (Doc. 17) and

the parties' responsive memoranda (Docs. 18, 19).

**I.**

Plaintiff, who is proceeding *pro se*, brings this action against personnel of the

Hamilton County Justice Center, the Franklin County Jail, and others. Plaintiff alleges

that he suffers from multiple sclerosis (MS), cancer, collapsed cervical discs, and spinal

stenosis of the lumbar spine. He alleges that on October 20, 2008, while at his doctor's

office in Columbus, Ohio, he was taken into custody and transported to the Franklin

County Jail. He alleges he was denied his prescribed medications and denied medical

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendation.

treatment despite the fact that he possessed his medical records which showed his diagnoses and need for treatment.

Plaintiff was then transferred to the Hamilton County Justice Center on either October 22 or 23, 2008. He states that his medical records were given to the HCJC medical staff. At the time, Plaintiff had been taking Methadone and Percocet as prescribed by his doctors for chronic pain. He alleges that the HCJC medical staff, including Defendant NaphCare, failed to "medically detox" him until five to seven days later.[2] As a result, Plaintiff suffered severe withdrawal symptoms including panic attacks, heart irregularities, vomiting, sweating, and chills. Plaintiff alleges he was denied medical treatment by HCJC staff despite the fact that they were in possession of his medical records and despite his repeated requests for treatment.

Plaintiff further alleges that on October 28, 2008, HCJC's Dr. Hubbard ordered that Plaintiff be placed in the Medical-Special Needs/Medical-Protective Custody unit at HCJC, but instead he was placed in the general population. The following day, he was placed in the Medical-Protective Custody cell block. Plaintiff states he continued to request medical treatment for his pain and other medical conditions, but was denied. He alleges that he had "mandated" medical appointments, including surgical appointments, to which the Defendants failed to transport him. He states that as a result of the delay in receiving adequate medical treatment his conditions worsened. Plaintiff alleges that Defendants maintain a policy or practice of denying pretrial detainees previously

---

[2] NaphCare Inc. is a provider of specialty health care for the correctional market -- jails and prisons -- whose services include prescription management, on-site hemodialysis, and total health care staffing (*i.e*., doctors and nurses) and management.

scheduled medical appointments.  Plaintiff alleges he was subjected to excruciating pain, loss of bowel control, "brain deficiencies," memory loss, swelling, blurred vision, gait instability, and a worsening of his MS.

## II.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations and quotation marks omitted).  Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957)).  A claim is facially plausible when the plaintiff "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III.

Here, Plaintiff alleges that multiple Defendants, including Defendant NaphCare,

deprived him of medical care <u>in violation of his constitutional rights</u>.  In its motion to

dismiss, Defendant NaphCare asserts that Plaintiff's claims against it fail as a matter of

law because he failed include an affidavit of merit with his complaint as required for

medical claims under Rule 10(D)(2) of the Ohio Rules of Civil Procedure.[3]  Here,

however, Plaintiff is asserting federal claims for alleged violations of his civil rights

protected by the Constitution pursuant to 42 U.S.C. § 1983.  (*See* Doc. 4).  And a claim of

an Eighth Amendment violation does not require the Plaintiff to file an affidavit of merit.

*See Planker v. Ricci,* 2009 WL 2928951, *4 (D.N.J.  2009) ("A claim of an Eighth

Amendment violation does not require the Plaintiff [to] file an affidavit of merit."); *see*

*also Perotti v. Medlin*, Case No. 4:05cv3739, 2009 WL 723230 (N.D. Ohio March 16,

2009).

The Eighth Amendment to the United States Constitution prohibits "deliberate

---

[3]  Ohio Civ. R. 10(D) requires that every complaint containing a medical claim as defined in Ohio Revised Code Ann.§ 2305.113 must be accompanied by an affidavit of merit.  The affidavit must be from an expert qualified under Evid. R. 601(D) and 702 and must include statements that the affiant (1) "has reviewed all medical records reasonably available," (2) "is familiar with the applicable standard of care," and (3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. *Id; See also Fletcher v. Univ. Hosps. of Cleveland* , 120 Ohio St.3d 167, 169, 897 N.E.2d 147, 149 (Ohio 2008)

indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104

(1976). Deliberate indifference requires that the official both know of and disregard an

excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837

(1994). "Deliberate indifference" is more than mere malpractice or negligence; it is a

state of mind equivalent to reckless disregard of a known risk of harm. *Id.* at 837-38.[4]

Nevertheless, to the extent that Plaintiff's complaint can be construed as asserting

medical claims under Ohio law against NaphCare (*i.e.*, a medical malpractice claim),

absent an affidavit of merit, such claim(s) are properly dismissed for failure to state a

clam upon which relief can be granted. *Perotti v. Medlin*, Case No. 4:05cv3739, 2009

WL 723230 (N.D. Ohio March 16, 2009).

---

[4] A prison official violates an inmate's Eighth Amendment rights only when two requirements are met. First, "the deprivation alleged must be, objectively, sufficiently serious." *Id*. (internal citations omitted). In other words, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In order for a prisoner to succeed on a claim based on a prison official's failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Second, it must be shown that a prison official acted with "deliberate indifference" in failing to protect the inmate. *Farmer*, 511 U.S. at 834. A prison official acts with deliberate indifference when he knows that an inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id*. at 837. The prison official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* It is sufficient for an inmate to show that the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Id*. at 842.

Notably, however "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law.*" Ciarla v. Corrections Corp. of America,* 2010 WL 55950, 4 (N.D.Ohio) (N.D.Ohio 2010) (citing *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n. 5 (6th Cir.1976)).

Thus, the undersigned finds that Plaintiff's federal claims against Defendant

NaphCare should remain pending at this time,[5] but all state law medical claims under

state law should be dismissed.

**IV.**

Accordingly, based on foregoing, it is therefore **RECOMMENDED** that

Defendant NaphCare's motion to dismiss (Doc. 17) be **GRANTED in part and**

**DENIED in part** as described above.

Date: April 7, 2010                                   s/Timothy S. Black
                                                      Timothy S. Black
                                                      United States Magistrate Judge

---

[5] The Court's screening Order found that Plaintiff's *pro se* complaint alleges sufficient facts to state a
claim for relief under the Eighth Amendment for a denial of medical care (citing *Farmer v. Brennan*, 511
U.S. 825 (1994) and *Estelle v. Gamble*, 429 U.S. 97 (1976)) and for retaliation under the First
Amendment (citing *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)). (*See* Doc. 5, pp. 4-5 ). The
Court further stated that "at this stage, plaintiff's medical and retaliation claims are deserving of further
development and consideration and therefore may proceed." *Id*. at p. 5. In the present motion to dismiss,
Naphcare only asserts that Plaintiff's claims should be dismissed for failure to file an affidavit of merit;
there is not yet a motion for summary judgment challenging the allegations of the constitutional claims.
And as to Defendant's alternative request that Plaintiff be required to file a more definitive statement
under Fed. R. Civ. P. 12(e), Defendant does not argue or evidence that request and it is accordingly
denied.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEATHERFORD, | : | Case No. 1:09-cv-432 |
| Plaintiff, | : | |
| | : | Spiegel, J. |
| vs. | : | Black, M.J. |
| | : | |
| HAMILTON COUNTY SHERIFF, | : | |
| *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).