```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

MICHAEL WEATHERFORD,         :
                             :   NO. 1:09-CV-00432
         Plaintiff,          :
                             :
                             :
    v.                       :   **OPINION AND ORDER**
                             :
                             :
HAMILTON COUNTY SHERIFF, et  :
al.,                         :
                             :
         Defendants.

   This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 23), to which no objections were filed.  In his Report and Recommendation, the Magistrate Judge recommended that Defendant NaphCare's Motion to Dismiss (doc. 17) be granted in part and denied in part.  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I.   Background**

   This is a civil rights action brought pursuant to 42 U.S.C. § 1983, in which Plaintiff, proceeding pro se, essentially alleges that he was denied adequate medical care while he was in the custody of first the Franklin County Jail and then the Hamilton County Justice Center (doc. 23).  At the time this allegedly occurred, Plaintiff was taking Methadone and Percocet, which had been prescribed by his doctors for chronic pain (Id.).  He alleges

that the Hamilton County Justice Center medical staff, including Defendant NaphCare, failed to "medically detox" him for five to seven days, which resulted in Plaintiff suffering severe withdrawal symptoms, including panic attacks, heart irregularities, vomiting, sweating and chills (Id.). Plaintiff claims he was denied medical treatment even though Defendants were in possession of his medical records and in disregard of his repeated requests for treatment (Id.). He alleges that as a result of Defendants having failed to provide him timely care, he suffered several devastating symptoms, and his medical conditions worsened (Id.).

Defendant NaphCare, a provider of specialty health care for correctional facilities including the Hamilton County Justice Center, moved to dismiss all claims against it on the sole basis that Plaintiff failed to submit an affidavit of merit supporting his medical claims as required by Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure (doc. 17). Defendant NaphCare notes that the Federal Rules of Civil Procedure do not require an affidavit of merit and then relies on Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and its progeny to support its position that the Ohio Rule should be considered substantive law, not procedural (Id.). As such, Defendant NaphCare asserts, the Court should dismiss Plaintiff's claims against it because Plaintiff has failed to comply with Ohio law (Id.). To buttress its position, Defendant NaphCare points the Court to two Ohio Courts of Appeals' decisions

dismissing, under Ohio's Rule 12(B)(6), complaints by inmates who failed to attach affidavits of merit (Id., citing Nicely v. Ohio Dept. of Rehab. and Correction, 2009-Ohio-4386 (Aug. 27, 2009); Whipple v. Warren Corr. Inst., 2009-Ohio-4841 (Sept. 10, 2009)). Defendant NaphCare argues that "all of Plaintiff's claims against [it] are substantively medical claims" and none of them can survive "in the absence of an affidavit of merit verifying the same" (Id.).

The Magistrate Judge noted that Plaintiff is in federal court pursuant to 42 U.S.C. § 1983 asserting federal constitutional claims, and nothing requires a plaintiff alleging violations of the Eighth Amendment to the United States Constitution to file an affidavit of merit (doc. 23, citing Planker v. Ricci, 2009 WL 2928951, *4 (D.N.J. 2009); Perotti v. Medlin, 2009 WL 723230 (N.D. Ohio 2009)). Therefore, to the extent Plaintiff's claims are based on alleged violations of the federal constitution, the Magistrate Judge recommended that Defendant NaphCare's motion be denied (doc. 23). However, to the extent his claims could be construed as being "medical claims" under Ohio law, the Magistrate Judge recommended that the motion be granted because Plaintiff did not file the affidavit required by Ohio law (Id.).

**II. Discussion and Conclusion**

The parties were served with the Magistrate Judge's Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by

28 U.S.C. § 636(b)(1)(C), including the notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed objections thereto within the time frame provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). When no objections have been filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and further finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Defendant's reliance on Erie and its progeny is entirely misplaced as this is not a case before this Court on diversity jurisdiction involving the application of state law by a federal court, which is when Erie is explicitly implicated. Erie, 304 U.S. at 78 ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.") Instead, the Court has jurisdiction over this case by virtue of federal subject-matter

-4-

jurisdiction, and this is a matter governed by both the federal Constitution and an act of Congress, as Plaintiff alleges violations of the rights guaranteed to him by the United States Constitution, pursuant to 42 U.S.C. § 1983. Indeed, Defendant NaphCare appears to have misapprehended Plaintiff's complaint and interpreted it as asserting "medical claims" under Ohio law and not federal constitutional claims. Ohio law defines medical claims to mean, in relevant part, claims against a physician or similar provider "that arises out of the medical diagnosis, care or treatment" of a person. Ohio Rev. Code § 2305.113. The Court does not read Plaintiff's complaint to be one alleging medical malpractice, which is what Ohio Rev. Code § 2305.113 speaks to. Indeed, the complaint explicitly and repeatedly alleges violations of the United States Constitution, cites to numerous sections of the Constitution and to numerous federal cases, and does not reference Ohio medical malpractice law at all.

Defendant NaphCare has pointed to no authority even suggesting, let alone holding, that a complaint alleging federal constitutional violations based on a denial of adequate medical care should be construed as a complaint alleging state-law medical malpractice. The cases to which Defendant NaphCare cites are utterly unavailing as they are cases explicitly involving medical malpractice claims and not constitutional violations. Therefore, the Court finds Defendant NaphCare's arguments entirely

unpersuasive as to Plaintiff's federal constitutional claims, and denial of Defendant NaphCare's motion to dismiss as it relates to Plaintiff's federal claims is appropriate.  However, to the extent that Plaintiff does allege Ohio-law medical malpractice claims, Defendant NaphCare is correct that Plaintiff's failure to submit an affidavit of merit would justify dismissal of those claims.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 23) and therefore DENIES Defendant NaphCare's motion to dismiss as it relates to Plaintiff's federal claims but GRANTS it as it relates to any state-law medical malpractice claims (doc. 17).  Any such claims are therefore hereby DISMISSED without prejudice.

SO ORDERED.

Dated: August 17, 2010          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge