## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL WEATHERFORD,

       Plaintiff,

  vs.

HAMILTON COUNTY SHERIFF,
et al.,

       Defendants.

Case No. 1:09-cv-432

Spiegel, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff brings this pro se action against personnel of the Hamilton County Justice Center
and Naphcare, Inc. pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants deprived him
of medical care in violation of his constitutional rights. This matter is before the Court on
defendants' motions for summary judgment (Docs. 37, 42), to which plaintiff has not responded.

On March 25, 2011, plaintiff was granted an extension of time until May 17, 2011 in
which to respond to defendants' pending motions for summary judgment. (Doc. 43). Plaintiff
failed to timely respond to the motions. On June 1, 2011, the Court ordered plaintiff to show
cause, in writing, within twenty (20) days why defendants' motions should not be granted and
this case dismissed. (Doc. 45). Thereafter, on June 9, 2011, plaintiff filed a motion to appoint
counsel wherein he also requested an extension of time to respond to defendants' pending
motions for summary judgment. (Doc. 46). The Court denied plaintiff's motion to appoint
counsel, but granted plaintiff an additional thirty (30) days until July 11, 2011, in which to file a
response to defendants' pending motions for summary judgment. (Doc. 47). Plaintiff was
warned that a failure to comply with the terms of the Order would result in a Report and
Recommendation to the District Court that defendants' motions be granted and this case

dismissed. *Id.* Plaintiff was further put on notice that his failure to comply with the terms of the Order may result in a dismissal of this action for failure to prosecute.

To date, plaintiff has not filed a response to defendants' motions for summary judgment. Plaintiff's failure to respond to the Court's June 13, 2011 Order and to file a response to the motions for summary judgment warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).  District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109.

### IT IS THEREFORE RECOMMENDED:

1. Plaintiff's case should be **DISMISSED** with prejudice for lack of prosecution and this matter be terminated on the docket of the Court.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/19/2011

Karen L. Litkovitz
United States Magistrate Judge

2

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL WEATHERFORD,      Case No. 1:09-cv-432

    Plaintiff,

              Spiegel, J.
 vs.             Litkovitz, M.J.

HAMILTON COUNTY SHERIFF,
et al.,

    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee |
| | B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Michael Weatherford<br>1230 West Broad Street<br>Apartment C-1<br>Columbus, Ohio 43222 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7003 2260 0002 6723 3012 |

PS Form **3811**, August 2001        Domestic Return Receipt        102595-02-M-1540